## SILVER KING COALITION MINES CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 7171.   Decided April 7, 1949.   (204 P. 2d 817.)

See 71 C. J., Workmen's Compensation Acts, sec. 815; 58 Am. Jur. 869. Findings of fact to support administrative determinations relating to workmen's compensation, note, 146 A. L. R. 123.

*Shirley P. Jones,* of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *C. N. Ottosen,* Asst. Atty. Gen., for defendants.

LATIMER, Justice.

This is a companion case to *Silver King Coalition Mines Company et al.* v. *Industrial Commission of Utah and Dora R. Draper,* 115 Utah 336, 204 P. 2d 811. The detailed facts are different but when pieced together, the pattern is substantially the same. In this case, the medical testimony is more positive about the presence of silicosis in the lungs, but essential evidence about whether the disease contrib-

uted to the death of the deceased is buried with his body. The immediate cause of death was congestive heart failure, but, as in the companion case, the medical experts are not in agreement as to whether the disease was a contributing factor to the failure. The medical experts, however, do agree that an autopsy would have resolved the doubt.

In addition to the refusal of the commission to order an autopsy after being fully informed of the difficult question involved, we have the applicant in this case twice refusing to consent to disinterment after she was informed that the cause of death was doubtful and that if the autopsy disclosed that death was due to silicosis, immediate payments of compensation would begin.

Defendants in both cases seek to support the refusal to grant an autopsy on the grounds that if the commission could properly find that silicosis was a cause of the death, then an order denying an autopsy would not be arbitrary. This statement does not correctly reflect the principle of law involved. If such were the law, then the statute would only be of value when there was no evidence concerning or no disagreement as to the cause of death. We believe the statute to be of importance in those cases where there is a difference of opinion.

Litigants need not and the commission should not rely on evidence less strong than positive knowledge, if the latter type is reasonably obtainable. If there is a strong probability that uncertainty can be removed, the right to produce what might be the best evidence should not be conditioned upon whether the applicant has testimony to establish a prima facie case. Rather, it should be based on whether all reasonable persons must conclude that an autopsy would establish with some degree of certainty, doubtful causes of death.

In this case, the showing made to the commission clearly established the necessity of an autopsy and by refusing

to order the applicant to permit disinterment, the commission acted arbitrarily.

For the reasons set forth in the Silver King Coalition Mines Co. et al. v. Industrial Commission et al., case and the additional reason herein discussed, the award of the commission is annulled and the matter remanded for further proceedings not inconsistent with this opinion.

PRATT, C. J., and WOLFE, WADE and McDONOUGH, JJ., concur.